**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

KOCKS CRANE, INC.,              :     Civil Action No. 06-0959(NLH)
                                :
          Plaintiff,            :
                                :
     v.                         :     **OPINION**
                                :
SOUTH JERSEY PORT               :
CORPORATION,                    :
                                :
          Defendant.            :


**APPEARANCES:**

Jay A. Gebauer, Esquire
Gary A. Wilson, Esquire
Post & Schell, P.C.
Overlook Center 2nd Floor
100 Overlook Drive
Princeton, NJ 08540

     *Attorneys for Plaintiff*

James P. Pierson, Esquire
Angelini Viniar Freedman
70 Euclid Street
P.O. Box 751
Woodbury, NJ 08096

     *Attorney for Defendant*

**HILLMAN***,* District Judge

     Presently before the Court is the motion of Defendant, South

Jersey Port Corporation ("SJPC"), to enforce a contractual

provision which SJPC claims is a forum selection clause.

Plaintiff, Kocks Crane, Inc., denies that the subject contract

provision is a forum selection clause, and argues that venue is

proper in this Court.  Alternatively, Kocks Crane argues that if

the contract provision is considered a forum selection clause, it is too ambiguous to be enforced.  For the reasons expressed below, SJPC's motion will be denied.

On July 29, 2003, SJPC entered into a contract with Kocks Crane for the purchase of a multi-purpose bulk cargo maritime crane.  The "General Provisions" section of the contract, which SJPC drafted, contains the following clause:

> SETTLEMENT OF UNRESOLVED CLAIMS AND DISPUTES
> If any claim or dispute between Owner and Contractor cannot be settled under the provisions within these Contract Documents, then it is understood and agreed that settlement shall be made in a Court of Law under the jurisdiction of the County of Camden.

(Def.'s Ex. B at H-19.)

SJPC argues that this provision is a forum selection clause, and as such, this action must be brought in the New Jersey Superior Court, Law Division, Camden County.  SJPC contends that it is "axiomatic" that the federal district court is not "under the jurisdiction of the County of Camden," but that the New Jersey Superior Court is under the jurisdiction of Camden County because New Jersey statute provides that counties are responsible for the cost of the state courts' secretarial and legal staff employees, making them county employees.  SJPC argues that the clause is valid and should be enforced, and considering that the New Jersey Superior Court in Camden County is the jurisdiction mandated by the forum selection clause, Kocks Crane's action should be dismissed pursuant to Federal Civil Procedure Rule

2

12(b)(3), 28 U.S.C. § 1404(a) and § 1406.

Conversely, Kocks Crane argues that the contract provision is not a forum selection clause that applies to this action because it only pertains to the "settlement" of any claim or dispute, rather than "litigation," "suits" or "actions." Alternatively, Kocks Crane argues that if it is considered a forum selection clause, it is ambiguous and must be construed against the draftsman, which is SJPC.  Under either theory, Kocks Crane argues that its action is properly brought in this Court.

As a primary procedural issue, SJPC's motion to dismiss is not properly brought pursuant to Rule 12(b)(3), 28 U.S.C. § 1404(a) and § 1406.  These provisions pertain to what venue is proper among the federal courts, not whether the action should have been brought in state court.  Additionally, the Third Circuit has held that courts in this circuit should apply Rule 12(b)(6) to a motion to dismiss based on enforcement of a forum selection clause.  Intermetals Corp. v. Hanover Intern. Aktiengesellschaft Fur Industrieversicherungen, 188 F. Supp. 2d 454, 457 (D.N.J. 2001) (citing Instrumentation Associates, Inc. v. Madsen Elec. (Canada), Ltd., 859 F.2d 4, 6 (3d Cir. 1988)). Thus, SJPC's motion will be treated as if it had been made pursuant to Rule 12(b)(6).

With regard to whether the contractual provision at issue is a forum selection clause, as with any contract provision, the

Court "must first look to the text of the contract to determine whether it unambiguously states the parties' intentions." John Wyeth & Bro. Ltd. v. CIGNA Intern. Corp., 119 F.3d 1070, 1074 (3d Cir. 1997) (citations omitted).  To be "unambiguous," a contract clause must be reasonably capable of only one construction.  Id. "In deciding whether contract language is unambiguous, a court not only asks whether the language is clear, but also hears the proffer of the parties and determines if there are objective indicia that, from the linguistic reference point of the parties, the terms of the contract are susceptible of different meanings." Id. (citation and internal quotation marks omitted); see also International Business Software Solutions, Inc. v. Sail Labs Technology, AG, 440 F. Supp. 2d 357, 362 (D.N.J. 2006) (citing Wyeth).  "An ambiguous contract is one capable of being understood in more senses than one; an agreement obscure in meaning through indefiniteness of expression, or having a double meaning."  American Flint Glass Workers Union, AFL-CIO v. Beaumont Glass Co., 62 F.3d 574, 581 (3d Cir. 1995).  Ambiguity is a pure question of law for the court.  Id.

Here, the contract provision is a model of ambiguity.  It is ambiguous as to both whether it is a forum selection clause applicable to this action, as well as to which forum the parties selected.  What "under the jurisdiction of the County of Camden" means is secondary, however, to whether the provision is actually

4

a forum selection clause. Kocks Crane argues that the provision applies to "settlements" rather than to lawsuits. SJPC filed its motion under the assumption that the provision applies to lawsuits such as this one. Without having to determine whether "settlements" means "lawsuits," from the "linguistic reference point" of the parties, the terms of the contract are susceptible to different meanings. Coupled with the question of what "under the jurisdiction of the County of Camden" means, the provision is not reasonably capable of only one construction, and it does not unambiguously state the parties' intentions.

Consequently, because there is no valid forum selection clause, and SJPC does not assert any other basis for dismissal of Kocks Crane's Complaint, SJPC's motion to dismiss must be denied. An appropriate Order will be entered.

Dated: December 7, 2006         s/ Noel L. Hillman

At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

5